UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 21-cr-146 (ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) **UNITED STATES' POSITION** |
| v. | ) **ON SENTENCING** |
| | ) |
| THOMAS WILDER MOSELEY, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

The United States of America, by and through its attorneys, Charles Kovats, Acting United States Attorney for the District of Minnesota, and Amber Brennan, Assistant United States Attorney, hereby files this Position on Sentencing in support of its request that the Court sentence Defendant Thomas Moseley to 18 months imprisonment, the bottom of his advisory Guidelines range.

## RELEVANT BACKGROUND

After spending his entire life in Michigan, Moseley moved to Minneapolis in July 2020, less than two months after George Floyd was killed by Minneapolis police officers. (PSR ¶¶ 46-50). Moseley reports that he moved to Minnesota to be in a larger city where he would be closer to the Black Lives Matter movement and could find ways to expand his activism goals. (PSR ¶ 50). When he arrived in Minnesota, Moseley was 29 years old and had no criminal history. Within a month of arriving here, he vandalized a Minneapolis

Police station by spray painting its surveillance cameras and windows. (PSR ¶ 10). Two months later, on October 15, 2020, Moseley brought a loaded Glock to a protest at the Hennepin County Government Center on a day when the four police officers who were charged in connection with Mr. Floyd's death had a court appearance. (PSR ¶¶ 12, 19-20).

After officers arrested Moseley at the Government Center on October 15, they executed search warrants on his truck, which was parked on a downtown street just blocks away, as well as his apartment located in Blaine, MN. Officers searching Moseley's truck recovered several more guns and ammunition, along with mushrooms, cocaine, marijuana, a hatchet, a crowbar, a bullhorn, and a "go-bag" containing one of the guns and ammunition, a survival book, marijuana, a Go-Pro, and a ballistic plate. (PSR ¶¶ 13-15; Plea Agreement ¶ 2). All told, between his truck, his residence, and what he carried on his person, Moseley had hundreds of rounds of ammunition, eight guns, and several types and quantities of illegal drugs. He was arrested on state charges and bonded out of custody four days later, on October 19. (PSR p. F1, ¶ 42).

On December 31, 2020, Moseley participated in a protest in downtown Minneapolis that authorities deemed to be a "riot," and he was in possession of a pocket knife when authorities encountered him. (PSR ¶ 45). On January 7 and 12, 2021, Moseley made two attempts to acquire another gun. (PSR ¶ 35).

Moseley's wife reported that he already owned some of his guns prior to their move to Minnesota in July 2020. (PSR ¶ 54). Of the eight guns seized from him on October 15, 2020, Moseley had purchased at least three in Minnesota during the short time he had been here (August and September 2020). He had purchased two of the guns in Michigan just

prior to his move, in May and June 2020.  It is unclear when he purchased the remaining three guns seized.

During the time surrounding his offense conduct in this case, Moseley was also having a personal crisis concerning his marriage and admits that he was regularly using illegal drugs such as marijuana, cocaine, and psychedelic mushrooms.  (PSR ¶ 59).

## ARGUMENT

Moseley is a 30-year-old man who had no involvement with the criminal justice system for the first 29 years of his life.  However, following Mr. Floyd's death at the hands of Minneapolis police officers on May 25, 2020, Moseley engaged in a pattern of conduct that exacerbated an already volatile environment in the Twin Cities community and endangered everyone around him.  The sentence in this case should seek to deter Moseley and others from exploiting a community tragedy in order to enrich and empower themselves.

While Moseley claims that he moved to Minnesota to increase his opportunities for social activism, the timing of his move coupled with his conduct almost immediately after he arrived in Minnesota indicates that Moseley came here because he decided to take his activism to a more destructive, aggressive level in the wake of Mr. Floyd's death.  In July 2020 Mosely arrived in an embattled, vulnerable community where peaceful protests and vigils were regularly held.  Within a few short months, he had begun exploiting the pain of our community. By October 15, Moseley had been charged with six felonies in three

different cases. (PSR ¶¶ 41-44).[1] Fortunately, despite the fact that he was carrying multiple firearms while high on drugs in situations where emotions were running high, Moseley did not injure anyone.

Moseley pled guilty to a one count information charging him with possession of a firearm by one who is a user of, or addicted to, controlled substances, in violation of 18 U.S.C. § 922(g)(3). The United States agrees with the PSR's determination that Moseley's advisory guidelines range is 18-24 months imprisonment. (PSR ¶ 70). The § 3353(a) factors counsel that this Court must avoid "unwarranted sentence disparities" between Moseley and similar defendants. To be sure, Moseley's lack of criminal history makes him *dis*similar to many defendants convicted of firearm offenses in this Court. However, it must be remembered that the legal prohibition on possessing firearms as an unlawful drug user is part of the very same statute as the prohibition on possessing firearms as a felon. *See* 18 U.S.C. § 922(g). Every year numerous defendants with felony records are sentenced to substantial terms of imprisonment based on their unlawful possession of a gun. The danger posed by Moseley's conduct was as clear and present as in many of those cases. While Moseley can be commended for his lack of a criminal record, and for his law abiding and drug-free conduct during his release on conditions in this case, it is also true that he has had access throughout his life to family support, employment, and treatment options that many criminal defendants could only dream of. A sentence that includes a term of imprisonment is appropriate to take account of the fact that, though there are plenty of

---

[1] As a result of his plea agreement in this matter, all of these pending state cases have been or will be dismissed.

differences between Moseley and other gun defendants, there are similarities to be found in his disrespect toward the law, the threat he created to public safety, and the culpable lapses in judgment that brought him to this moment.

Given all the circumstances in this case, a sentence of 18 months imprisonment is sufficient, but not greater than necessary, to promote the sentencing goals embodied by 18 U.S.C. § 3353(a), to include promoting respect for the law, and deterring the defendant and others from engaging in similar conduct, and punishment. The United States respectfully asks the Court to impose such a sentence.

Dated: November 19, 2021

Respectfully Submitted,

CHARLES KOVATS
Acting United States Attorney

*s/Amber M. Brennan*
BY: AMBER M. BRENNAN
Assistant U.S. Attorney
Attorney ID No. 0285961